■ In the Matter of the Claim of RICHARD IACOVELLI, Respondent, against MODERN BAKERY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. The issues arise upon appellants' contentions that no accident occurred, that, in any event, claimant's disability is unrelated to an industrial accident and that no notice of injury was given the employer. The board found, upon evidence which it was entitled to credit and which we find substantial, that claimant, while employed as a baker, upon lifting a 100-pound bag of flour from the floor to a bin, felt a pain and tearing sensation in his chest and that this work, constituting

unusual strain, effort and exertion, caused aggravation of a pre-existing arteriosclerotic heart condition, with coronary artery occlusion and acute posterior wall infarction as a result of which claimant was disabled from the date of the accident. Claimant testified that he had not previously lifted bags of flour, in this employment at least, and his employer testified that the bakers did not ordinarily lift and empty bags of flour but that this work was usually performed by another employee, working on the shift previous to that on which claimant worked. Clearly, claimant was subjected to undue strain in the light of his condition. The record fails to disclose that claimant was sworn before testifying at a hearing held at his home. However, appellants' counsel was present, cross-examined claimant at length, reminded him that he was under oath and neither objected nor called to the referee's attention any omission in the proceedings. In these circumstances we find the usual presumption of regularity insufficiently rebutted. Further, a waiver on appellants' part may properly be inferred. It follows that claimant properly testified and that appellants, having then failed to object to the omission of notice of injury to the employer, are deemed to have waived such notice. (Workmen's Compensation Law, § 18.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.